RATHBORNE v. HATCH et al.

(Supreme Court, Appellate Division, First Department. January 15, 1904.)

1. INSURANCE—RIGHTS OF BENEFICIARY—ASSIGNMEMT OF POLICY—RIGHTS OF ASSIGNEE.

An insurance policy was made payable to the wife of insured as beneficiary, or to the husband's representatives in case of the wife's death before him. The wife promised plaintiff to assign the policy to him as collateral for a debt of her husband, in pursuance of which promise she sent him an instrument by which she agreed to collect and pay over the policy to him. There was evidence that the husband never assented to the transfer, and he did not give the written consent to the assignment required by the domestic relations law (Laws 1896, p. 220, c. 272, § 22). *Held*, that all the wife could assign was her right to receive the amount payable on the death of her husband, and plaintiff did not acquire a right to an absolute assignment of the policy, which would include the right to surrender the policy and receive the surrender value.

Appeal from Special Term, New York County.

Action by Charles L. Rathborne against Edward J. Hatch and Jessie Boyd Hatch, impleaded with the Northwestern Mutual Life Insurance Company. From a judgment for defendants, plaintiff appeals. Affirmed.

See 80 N. Y. Supp. 347; 85 N. Y. Supp. 768.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

George E. Morgan, for appellant.
Edward W. S. Johnston, for respondents.

INGRAHAM, J. There is no substantial dispute about the facts in this case. It seems that the defendant Edward Hatch employed a firm of stockbrokers, of which the plaintiff was a member, to sell certain railroad stocks, stating to the plaintiff that he had the stock, and would give it to the plaintiff for delivery if it increased in price. In pursuance of this order, the plaintiff sold the stock, and delivered it in pursuance of the sale, having procured the stock from others for that purpose. The stock subsequently advanced in price, and the plaintiff called upon the defendant Edward Hatch to deliver the stock

in accordance with his promise, which he failed to do. The plaintiff thereupon called upon the defendant Edward Hatch, and saw the defendant Jessie Boyd Hatch, the wife of Edward Hatch. She stated that she had read some letters from the plaintiff to the defendant Edward Hatch, asking him for the stock, and that she knew about the affair. She thanked the plaintiff for his kindness in waiting, and asked the plaintiff "not to do anything until her husband got well; that he was ill in bed. She said she would send this insurance policy as collateral, as it were, to the account. She said she would assign it; and she said that, whether Mr. Hatch lived or died, the account would be paid." Subsequently plaintiff received a letter written by a Mr. Cody, inclosing the policy of insurance and the following instrument:

"I hereby agree to collect and pay over to Mr. C. L. Rathborne, Policy No. 358,374 in the Northwestern Mutual Life Insurance Co. drawn in my favor.
"Jessie Boyd Hatch.

"Witness, Edward F. Cody,
"New York, January 20, 1899."

The plaintiff accepted the policy with this instrument, and retained it. Subsequently, the defendant Edward Hatch having failed to deliver the stock in pursuance of his agreement, the plaintiff's firm was compelled to buy in the stock for the account of Edward Hatch, leaving a balance due, which has not been paid. The plaintiff then commenced this action, alleging these facts, and that on the 17th of June, 1902, he presented or caused to be presented to the defendant the Northwestern Mutual Life Insurance Company the original policy of insurance and this instrument, and demanded payment of the cash surrender value of the policy; that the said insurance company neglected and refused, and still does neglect and refuse, to pay the plaintiff the said cash or surrender value of the said policy, or any part thereof; that the plaintiff is unable to collect the cash value of the said policy of insurance by reason of an alleged informality of the said assignment thereof, and that the defendant Hatch is indebted and was indebted at the time of said assignment and still is indebted to the plaintiff in a sum greatly exceeding the value of said policy. And the complaint asks for a judgment requiring the defendants Jessie Boyd Hatch and Edward Hatch to assign to the plaintiff all their right, title, and interest in and to said policy of insurance; and that the said defendants be decreed and required to execute, acknowledge, and deliver to the plaintiff such further and different instruments of assignments and conveyance as in the premises may be necessary, proper, and just to enable the plaintiff to surrender the said policy of life insurance and collect and recover the cash surrender value thereof.

Upon the trial of the action the court at Special Term dismissed the complaint upon the ground, as is stated in the decision, that:

"There was no indebtedness of the defendant Jessie Boyd Hatch to the plaintiff or to the said firm of which the said plaintiff was a member. No consideration passed from the plaintiff to the defendant Jessie Boyd Hatch for the making of the said paper in which the said Jessie Boyd Hatch agreed to collect and pay over said policy of insurance. At no time did the plaintiff make a valid agreement not to sue the defendant Edward Hatch as a con-

sideration for the said instrument so signed by the said defendant Jessie Boyd Hatch, and the plaintiff has failed to show compliance with the provisions of section 22 of the domestic relations law [Laws 1896, p. 220], c. 272, and the plaintiff has failed to show either mistake or fraud on the part of the defendants, or any of them, or any mistake on his part."

The policy of insurance was dated on the 27th day of November, 1896, and provided that upon the payment of the premiums the insurance company would pay "unto Jessie B. Hatch, beneficiary, wife of Edward Hatch, the insured, of New York, * * * ten thousand dollars, in sixty days after due proof of the fact and cause of death of said insured during the continuance of this policy: * * * provided, however, that if no beneficiary shall survive the said insured, then such payment shall be made to the executors, administrators or assigns of the said insured." The agreement which the plaintiff seeks to enforce was a promise of the beneficiary, who was the wife of the insured, that "she would send this insurance policy as collateral, as it were, to the account"; that "she would assign it." In pursuance of that agreement she transmitted to the plaintiff an instrument by which she undertook to collect the amount due under this policy and transmit it to the plaintiff, and that was received by the plaintiff as a compliance with the contract that he had with the beneficiary of the policy. By the terms of this policy the interest that Mrs. Hatch had was conditioned upon her surviving the insured. She had no absolute right to dispose of the policy and to receive its surrender value from the insurance company. In the event of her death before the insured, the amount of the policy when due was to be paid to the personal representatives of the insured. All that Mrs. Hatch could do was to assign her right to receive the amount payable upon the death of her husband in the event that she survived him. The plaintiff had no interview with Mr. Hatch in relation to this policy of insurance, and, so far as appears, he had no knowledge of the agreement that was made, and never consented, either in writing or otherwise, to a transfer of the policy by Mrs. Hatch to the plaintiff. Cody, who sent the policy to the plaintiff, testified that he thought it was sent at Mr. Hatch's request; but Mr. Hatch testified that he had no knowledge of the transmission of the policy, and that he gave Cody no directions to send the policy to the plaintiff.

While we do not agree with the learned trial judge that there was no consideration for this agreement made by Mrs. Hatch with the plaintiff, we agree with him that in this case the plaintiff is not entitled to the relief asked for. What the plaintiff was entitled to under the contract with Mrs. Hatch was a delivery of the policy and a transfer of Mrs. Hatch's interest in this policy. She could agree with the plaintiff that she would, when the policy came due, or when any money was payable under it, receive the amount so payable, and hold it for the plaintiff. She could not absolutely assign the policy, because her interest in it depended upon her surviving the insured. Under the policy, she, without the assent of the insured, had no right to surrender it to the company and to receive the surrender value, and she did not, in express terms, assign to the plaintiff that right. When she agreed to assign the policy to the plaintiff, it was an agree-

ment to assign her interest in it, which was to receive the amount payable to her upon the death of ‚the insured during her life. Upon the evidence the court was justified in finding that the insured never assented to the transfer of the policy of insurance to the plaintiff, and it is not claimed that there was such a written consent by the insured as was required by section 22 of the domestic relations law (Laws 1896, p. 220, c. 272).

We think that the plaintiff never acquired a right to an absolute assignment of the policy which would include the right of the insured, or a right to surrender the policy and to receive the surrender value, and the judgment is therefore affirmed, with costs. All concur.